AO 243 (Rev. 10/07)  Page 1

**FIRST**

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court SOUTHERN | District of Texas (McAllen Division) | |
|---|---|---|
| Name (under which you were convicted): RICARDO ORTIZ | | Docket or Case No.: |
| Place of Confinement: FCI Beaumont Low, Beaumont, Texas | | Prisoner No.: 09007-379 |
| UNITED STATES OF AMERICA  V. | Movant (include name under which convicted) RICARDO ORTIZ | |

United States District Court
Southern District of Texas
FILED

MAR 01 2018

David J. Bradley, Clerk

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: United States District Court, Southern District of Texas, McAllen Division, 1701 Business Hwy. 83, McAllen, TX 78501-5178

   (b) Criminal docket or case number (if you know): 7:12-CR-00191-S2-012

2. (a) Date of the judgment of conviction (if you know): November 6, 2012

   (b) Date of sentencing: July 29, 2013 (Imposition of Sentence)

3. Length of sentence: 210 months imprisonment; 5 yrs suprvs'd rel.; $100 special assessment.

4. Nature of crime (all counts): **Count 1:** Conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana; violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (See Exhibit A - "Judgment In A Criminal Case").

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? N/a

6. If you went to trial, what kind of trial did you have? (Check one)  N/A  Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes [x]    No [ ]

8. Did you appeal from the judgment of conviction?    Yes [x]    No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fifth Circuit
   (b) Docket or case number (if you know): No. 13-40882 (See Exhibit B - 5th Cir.'s Opinion)
   (c) Result: AFFIRMED District Court's sentence (See Exhibit B - 5th Cir. Decision)
   (d) Date of result (if you know): October 16, 2014
   (e) Citation to the case (if you know): 583 Fed.Appx. 312, 2014 U.S.App. LEXIS 19809
   (f) Grounds raised: One Issue Raised on direct appeal only;
   **Issue I:** The District Court erred by imposing a two offense level enhancement pursuant to United States Sentencing Guideline (USSG) 2D1.1(b)(12) (2012); that is maintaining a premises for the purpose of manufacturing or distributing a controlled substance for the purpose of distribution.

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes [x]    No [ ]
       If "Yes," answer the following:
       (1) Docket or case number (if you know): No. 14-8030
       (2) Result: Petition for Writ of Certiorari - DENIED

       (3) Date of result (if you know): February 23, 2015
       (4) Citation to the case (if you know): 191 L.Ed.2d 415, ___ U.S. ___, 2015 U.S. LEXIS 1254
       (5) Grounds raised: Whether the Movant's sentence can survive appellant review in light of this Court's "reasonableness standard" mandated by Gall v United States, 552 U.S. 38 (2007); Kimbrough v United States, 552 U.S. 85 (2007); Rita v United States, 551 U.S. 338 (2007); and Apprendi v New Jersey, 530 U.S. 466 (2007). Petitioner asserts that the two level enhancement is not legally authorized by these authorities (See Exhibit C - Excerpt for Petition for Writ of Certiorari).

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]    No [x]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

AO 243 (Rev. 10/07)

**THIS PAGE INTENTIONALLY LEFT BLANK**

Page 3

 (4) Nature of the proceeding: _____

 (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes ☐  No ☐

 (7) Result: _____

 (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

 (1) Name of court: _____

 (2) Docket of case number (if you know): _____

 (3) Date of filing (if you know): _____

 (4) Nature of the proceeding: _____

 (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes ☐  No ☐

 (7) Result: _____

 (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

 (1) First petition: Yes ☐  No ☐
 (2) Second petition: Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Movant's Sixth Amendment right to reasonably effective assistance of counsel... **(continued on Additional page #1)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**NOTE: Reference to statutes or case citations are not made for any purpose other than to establish that fact that such exist and are applicable as authority to support Movant's request for relief.**

(1) At sentencing the Government disclosed to the Court and to Attorney Villalobos (Atty. Villalobos) that it had Title III wire intercepts from 2009 that implicated Movant in the Daniel Nunez Drug Trafficking Organization (Nunez DTO) (See <u>Exhibit D</u> - Excerpts for sentencing hearing, page 5, lines 9-25; pages 6-10).

(2) the Government made certain claims regarding Movant and delivered "quotes" to the District Court (exparte) regarding the content of wire intercepts and evidence derived therefrom to bring a "sealed superseding Indictment" returned by a Grand Jury on March 27, 2012...

**(continued on Additional Page #2)**

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☐   N/A
   (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐   N/A
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:   N/A
   Name and location of the court where the motion or petition was filed:   N/A

Additional Page #1

**§12 GROUND ONE** (continued)

... was denied as a result of Atty. Villalobos' failure to:

    (i) investigate the facts of Movant's case regarding the use of Title III electronic communications intercepts;

   (ii) Atty. Villalobos' failure to file a Motion to Suppress the contents and evidence derived from any and all wire intercepts involving Movant; and

  (iii) object to the use of any contents or evidence derived from the wire intercepts, which had not been disclosed, and the contents thereof provided to Movant and Atty. Villalobos, at least ten (10) days before the use of, in any hearing, proceeding, and/or trial, such wire intercepts contents or evidence derived therefrom.

Additional Page #2

**§ 12(a) GROUND ONE Supporting facts** (continued)

... against the Nunez DTO and Movant;

(3) it is uncontroverted that the Government used, at a minimum, evidence derived from Title III wire intercepts to inculpate Movant before the District Court, prior to the Government complying with the requirements of 18 U.S.C. § 2518(9);

(4) 18 U.S.C. § 2518(9) provides:

> "(9) The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter [18 USCS §§ 2510 e seq.] or evidence derive therefrom shall not be received in court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information."

(5) clearly from Atty. Villalobos' representation to the Court (as an officer of the court) that:

> "Well Judge I haven't been provided the quotes. I never read the quotes... ."

Atty. Villalobos' reference to "quotes" was regarding Title III wire intercept contents;

(6) obviously, Atty. Villalobos had never investigated, or sought the discovery of the wire intercepts, nor ever sought to raise an objection under 18 U.S.C. § 2510 - 2520; and in particular 18 U.S.C. § 2516(1), § 2518(4)(d), and § 2518(9); nor file a Motion to Suppress pursuant to 18 U.S.C. § 2518(10)(a)(i)-(iii);

(7) <u>United States v Scurry</u>, 821 F.3d 1, 2016 U.S.App. Lexis 6401 (DC Cir. 2016) holds:

## § 12(a) GROUND ONE Supporting facts (continued)

> "Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq., includes its own mandate. 18 U.S.C. § 2515 provides: Whenever any wire or oral communication has been intercepted, no part of the contents of such and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of Title III. 18 U.S.C.S. § 2515. A person seeking to enforce § 2515 must have Title III "standing," which Title III defines as any aggrieved person in any trial, hearing, or proceeding, 18 U.S.C.S. § 2518(10)(a), who was a target of the wiretap or a person party to a wiretap intercept, § 2510(11). A person with standing may move to suppress wiretap evidence and its fruits on any of three grounds:
>
> > (i) the communication was unlawfully intercepted;
> >
> > (ii) the wiretap order is insufficient on its face; or;
> >
> > (iii) the interception was not made in conformity with the wiretap order. 18 USCS § 2518(10)(a)(i)-(iii)."

See also, <u>Dahada v United States</u>, No. 17-43, pending in the Supreme Court on Petition for Writ of Certiorari, requesting application of the exclusionary provisions of § 2515 be applied to violation § 2518(3), that is, territorial limitations; and

(8) without the wire intercept evidence the Government evidence against Movant would have been insufficient to support a quantity of over 1,000 kilograms of marijuana, as well as, the evidence would have been insufficient to support a two (2) offense level enhancement pursuant to USSG § 2D1.1(b)(12) (2012).

Docket or case number (if you know): ___N/A___

Date of the court's decision: ___N/A___

Result (attach a copy of the court's opinion or order, if available): ___N/A___

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐         N/A

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐         N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐         N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A___

Docket or case number (if you know): ___N/A___

Date of the court's decision: ___N/A___

Result (attach a copy of the court's opinion or order, if available): ___N/A___

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ___N/A___

**GROUND TWO:** Movant's Fifth Amendment due process rights were...
(continued on Additional Page #4)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
NOTE: Reference to statutes or case citations are not made for any purpose other than to establish that fact that such exist and are applicable as authority to support Movant's request for relief.

(1) Pursuant to 18 U.S.C. § 2510 et seq., the Government was required to provide a copy of the content of any Title III wire intercepts or evidence derived therefrom to Movant ten (10) days prior to disclosure in any hearing, trial, or proceeding (See 18 U.S.C. § 2518(9)) ...

(continued on Additional page 4 )

Additional page #4

## § 12 GROUND TWO (continued)

...violated by the Government's use of unlawfully obtained Title III wire intercepts when the contents or evidence derived therefrom was disclosed to the Grand Jury that returned a Superseding Indictment (<u>Exhibit E</u>) against Movant.

\* \* \* \* \* \*

## § 12(a) GROUND TWO Supporting facts (continued)

(2) it is uncontroverted that the Government did not provide the contents of wire intercepts relevant to Movant, prior to disclosure or use in the Grand Jury proceeding;

(3) without the use of the unlawful wire intercept contents or evidence derived therefrom at the Grand Jury proceeding, the Movant would not have been indicted; and

(4) a defective Grand Jury Indictment is a violation of Movant's Fifth Amendment due process rights, that constitutes a manifest miscarriage of justice.

AO 243 (Rev. 10/07)

Page 6

THIS PAGE INTENTIONALLY LEFT BLANK

**(b) Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐    No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

**(c) Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND THREE: Movant's Fifth and Sixth Amendment due process...
(continued on Additional Page #5)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**NOTE: Reference to statutes or case citations are not made for any purpose other than to establish that fact that such exist and are applicable as authority to support Movant's request for relief.**

(1) It is undisputed that the exclusionary mandates of 18 U.S.C. §§ 2510 - 2520, and specifically § 2518(9), and § 2515, mandate contents of and evidence derived from unlawful wire intercepts be excluded from any proceeding relevant to Movant, because the Government did not produce the Affidavit/Application for a wire intercept and the Order authorizing the wire intercept;

(2) the Affidavit/Application for a wire intercept and the Order authorizing the wire intercept... (continued on Additional Page #6)

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☐        N/A
   (2) If you did not raise this issue in your direct appeal, explain why:
       N/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☐        N/A
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:  N/A
   Name and location of the court where the motion or petition was filed:  N/A

   Docket or case number (if you know):  N/A
   Date of the court's decision:  N/A

Additional Page #5

**§ 12 GROUND THREE** (continued)

... rights were violated when the District Court allowed the introduction of unlawful wire intercepts content and evidence derived therefrom, to be introduced (initially ex parte) into proceedings, not limited to but including Movant's sentencing hearing, without requiring the Government to comply with the mandates contained in 18 U.S.C. §§ 2510 - 2510.

\* \* \* \* \* \*

Additional Page #6

**§ 12(a) GROUND THREE Supporting facts** (continued)

... are facially facially deficient if they do not comply with the provisions of § 2518(4)(d) and must be suppressed pursuant to § 2518(10)(1)(ii); and (3) Movant avers on information and belief that the Affidavit/Application for wire intercept and the Order authorizing wire intercept are facially deficient and are in violation of the territorial limitations imposed by § 2518(3); (See Dahada, pending in the Supreme Court.

THIS PAGE INTENTIONALLY LEFT BLANK

AO 243 (Rev. 10/07)   Page 8

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____

THIS PAGE INTENTIONALLY
LEFT BLANK

AO 243 (Rev. 10/07)

Page 9

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐    No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: Unknown

(b) At the arraignment and plea: Jesus Villalobos, Jr., 8701 North 23rd Street, McAllen, TX 78504

(c) At the trial: No trial

(d) At sentencing: Same as 15.(b)

(e) On appeal: James Scott Sullivan, 4 Dominion Dr., Bldg. 4, Suite 250, San Antonio, TX 78257

(f) In any post-conviction proceeding: Petition for Writ of Certiorari - Same as 15.(e)

(g) On appeal from any ruling against you in a post-conviction proceeding: None

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:   N/A
(c) Give the length of the other sentence:   N/A
(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☒

AO 243 (Rev. 10/07)

Page 12

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Movant's First 28 U.S.C. § 2255 Motion is filed pursuant to 28 U.S.C. § 2255(f)(3) based on the Supreme Court decision in Buck v Davis, 137 S.Ct. 759, 197 L.Ed.2d 1 (2017), a substantive decision of statutory interpretation and made retroactive by Montgomery v Louisiana, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: **1). Movant requests that this Court grant relief under this Motion; Vacate Movant's conviction and sentence, as without the wire intercept contents, and evidence, the evidence is insufficient to support the guilty plea; alternatively Movant requests that the Court vacate the sentence and resentence without enhancement;** or any other relief to which movant may be entitled.

**NONE**
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on **February 21, 2018**
(month, date, year)

Executed (signed) on **FEBRUARY 21, 2018** (date).

*Ricardo Ortiz* (signature)
Signature of Movant
**Ricardo Ortiz**

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.