AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in McAllen

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**RICARDO ORTIZ** | **JUDGMENT IN A CRIMINAL CASE**<br><br>CASE NUMBER: **7:12CR00191-S2-012**<br>USM NUMBER: 09007-379 |

☐ See Additional Aliases.

**THE DEFENDANT:**

Jesus Villalobos, Jr.
Defendant's Attorney

☒ pleaded guilty to count(s)   1 on November 6, 2012.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A) | Conspiracy to possess, with intent to distribute, more than 1,000 kilograms of marijuana. | 02/07/2012 | 1 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 7, 8, Orig. Indict. and SS Indict. as to this defendant ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 29, 2013
Date of Imposition of Judgment

*Randy Crane*
Signature of Judge

**RANDY CRANE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

August 7, 2013
Date

amm 1 290416
PAB

Exhibit A

AO 245B     (Rev. 09/08) Case 7:12-cr-00191 Document 728     Filed in TXSD on 08/07/13     Page 2 of 5
          Sheet 2 -- Imprisonment

Judgment -- Page 2 of 5

**DEFENDANT: RICARDO ORTIZ**
**CASE NUMBER: 7:12CR00191-S2-012**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  210 months.

☐  See Additional Imprisonment Terms.

☒  The court makes the following recommendations to the Bureau of Prisons:
   That the defendant be placed in an institution as close as possible to his family.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐  at _____  ☐ a.m. ☐ p.m. on _____ .
   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on _____ .
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
                    UNITED STATES MARSHAL

By  _____
                    DEPUTY UNITED STATES MARSHAL

Exhibit A

AO 245B   (Rev. 09/08SJudgment 2:12-mCriminal Case Document 728   Filed in TXSD on 08/07/13   Page 3 of 5
Sheet 3 -- Supervised Release

DEFENDANT: **RICARDO ORTIZ**
CASE NUMBER: **7:12CR00191-S2-012**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>5 years.</u>

☐   See Additional Supervised Release Terms.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

    ☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state registration in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☐   See Special Conditions of Supervision.

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Exhibit A

Case 7:18-cv-00062    Document 1-1    Filed on 03/01/18 in TXSD    Page 4 of 24
AO 245B    (Rev. 09/08)Case 7:12-cr-00191    Document 728    Filed in TXSD on 08/07/13    Page 4 of 5
Sheet 5 -- Criminal Monetary Penalties

Judgment -- Page 4 of 5

DEFENDANT: **RICARDO ORTIZ**
CASE NUMBER: **7:12CR00191-S2-012**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | | |

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| ☐ See Additional Restitution Payees. | | | |
| **TOTALS** | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

*Exhibit A*

AO 245B    (Rev. 09/08) Judgment in a Criminal Case    Document 728    Filed in TXSD on 08/07/13    Page 5 of 5
Sheet 6 -- Schedule of Payments

Judgment -- Page 5 of 5

DEFENDANT: **RICARDO ORTIZ**
CASE NUMBER: **7:12CR00191-S2-012**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $100.00_____ due immediately, balance due

        ☐ not later than _____, or
        ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ installments of _____ over a period of _____, to commence _____ days
      after the date of this judgment; or

D  ☐  Payment in equal _____ installments of _____ over a period of _____, to commence _____ days
      after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court
      will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

      Payable to: Clerk, U.S. District Court
            Attn: Finance
            P.O. Box 5059
            McAllen, TX 78502

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**        **Total Amount**        **Joint and Several**      **Corresponding Payee,**
                                              **Amount**         **if appropriate**

☐  See Additional Defendants and Co-Defendants Held Joint and Several.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

*Exhibit A*

---

**UNITED STATES OF AMERICA, Plaintiff-Appellee v. RICARDO ORTIZ, Defendant-Appellant**
**UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**
**583 Fed. Appx. 312; 2014 U.S. App. LEXIS 19809**
**No. 13-40882 Summary Calendar**
**October 16, 2014, Filed**

---

**Notice:**

**PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.**

**Editorial Information: Subsequent History**

US Supreme Court certiorari denied by Ortiz v. United States, 135 S. Ct. 1471, 191 L. Ed. 2d 415, 2015 U.S. LEXIS 1254 (U.S., 2015)

**Editorial Information: Prior History**

Appeal from the United States District Court for the Southern District of Texas. USDC No. 7:12-CR-191-12.United States v. Castro, 558 Fed. Appx. 382, 2014 U.S. App. LEXIS 4214 (5th Cir. Tex., 2014)

**Disposition:**
    AFFIRMED.

**Counsel**           For UNITED STATES OF AMERICA, Plaintiff - Appellee: Sanjeev Bhasker, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Laredo, TX; Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX.

           For RICARDO ORTIZ, Defendant - Appellant: James Scott Sullivan, Esq., San Antonio, TX.

**Judges:** Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

**Opinion**

{583 Fed. Appx. 312} PER CURIAM:*

Ricardo Ortiz appeals the sentence imposed following his guilty plea conviction of conspiracy to possess, with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court imposed a guidelines-range sentence of 210 months of imprisonment and five years of supervised release. Ortiz argues, as he did below, that the district court improperly assessed the two-level enhancement of U.S.S.G. § 2D1.1(b)(12) (2012).

This court reviews the district court's findings of fact with respect to sentencing under the clear error standard. *United States v. Betancourt*, 422 F.3d 240, 244-45 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole. *Id.* at 245. The two-level enhancement of § 2D1.1(b)(12) is appropriate if the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. *See* § 2D1.1(b)(12). Although Ortiz objected to the PSR's

A05_11CS                                    1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit B

application {583 Fed. Appx. 313} of the Guidelines, he did not present testimony to rebut the facts set forth therein. Where the defendant offers no evidence to rebut the information in the PSR, the district court is free to adopt its findings. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

The record, including stipulated facts, unrefuted facts in the PSR, and testimony by an investigating case agent at the sentencing hearing, establishes that Ortiz performed a variety of roles in the Nunez drug trafficking organization, including the coordination of transportation and delivery of marijuana from stash houses in Texas to stash houses in Florida. Ortiz and another member of the drug trafficking organization provided the funds to purchase "the FM 2812 stash house," in Edcouch, Texas, and then distanced themselves from the purchase by placing the house under the name of another participant in the drug trafficking organization. The record further indicates that the FM 2812 stash house was used by the drug trafficking organization for the sole purpose of distributing marijuana, it was used to facilitate loads of marijuana for which Ortiz was responsible, and he participated in activities at the stash house involving drug trafficking and renovation.

Thus, the district court's determination that Ortiz maintained a premises for the purpose of distributing a controlled substance is plausible in light of the record, *see Betancourt*, 422 F.3d at 244-45, and the application of the § 2D1.1(b)(12) enhancement was therefore proper.

AFFIRMED.

### Footnotes

\*

Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit B

| 191 LED2D 415, _ US _ Ortiz v. United States |
|---|

No. 14-8030.

**Ricardo Ortiz**, Petitioner

*vs.*

**United States.**

## [191 L Ed 2d 415] 2015 US LEXIS 1254.

### February 23, 2015.

Petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit denied.

See same case below, 583 Fed. Appx. 312.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit C

No. 15-

IN THE
## Supreme Court of the United States

RICARDO ORTIZ,

*Petitioner,*

v.

UNITED STATES OF AMERICA,

*Respondent.*

### On Petition for Writ of Certiorari
### to the United States Court of Appeals
### for the Fifth Circuit

## PETITION FOR WRIT OF CERTIORARI

JAMES SCOTT SULLIVAN
LAW OFFICES OF J. SCOTT SULLIVAN
22211 I.H. 10 WEST, SUITE 1206
SAN ANTONIO, TEXAS  78257
(210) 227-6000

Exhibit C

## QUESTION PRESENTED FOR REVIEW

Petitioner pleaded guilty to one count of conspiracy to possess, with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846. The District Court imposed a Guidelines-range sentence of 210 months of imprisonment and five years supervised release. Mr. Ortiz argues, as he did below, that the District Court imposition of a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) was clearly erroneous. The two-level enhancement of § 2D1.1(b)(12) is appropriate only if the Government shows by a preponderance of the evidence that the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. The United States Court of Appeals for the Fifth Circuit determined that the Court's imposition of the two-level enhancement was plausible in light of the record as a whole and therefore the application of the two-level enhancement for the purpose of distribution was proper. Petitioner respectfully asserts the enhancement was erroneous and prejudicial.

The question presented is whether this sentence can survive appellate review in compliance with the reasonableness standards mandated in *Gall v. United States,* 552 U.S. 38 (2007); *Kimbrough v. United States,* 552 U.S. 85 (2007); *Rita v. United States,* 551 U.S. 338 (2007); and the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Petitioner respectfully submits that the sentence in this case with the two-level enhancement is not legally authorized by these authorities and their progeny. Accordingly, Petitioner respectfully contends that the Fifth Circuit in affirming the

i

Exhibit C

decision of the District Court has decided an important federal question in a way that conflicts with these relevant decisions of this Court. A compelling reason is thus presented in support of discretionary review by this Honorable Court.

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL |
| | ) | |
| Plaintiff, | ) | McAllen, Texas |
| | ) | Tuesday, May 21, 2013 |
| vs. | ) | (2:03 p.m. to 2:57 p.m.) |
| | ) | |
| RICARDO ORTIZ, | ) | CASE NO:  7:12-CR-191-12 |
| | ) | |
| Defendant. | ) | |

CALL FOR SENTENCING

BEFORE THE HONORABLE RANDY CRANE,
UNITED STATES DISTRICT JUDGE

Appearances:                    See Next Page

Court Recorder:                 Richard Cortez

Transcribed by:                 Exceptional Reporting Services, Inc.
                                P.O. Box 18668
                                Corpus Christi, TX 78480-8668
                                361 949-2988

THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC
EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY
BE USED ONLY AS AUTHORIZED BY COURT ORDER.
UNAUTHORIZED REPRODUCTION WILL RESULT IN AN
ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN
ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.
General Order 94-15, United States District Court,
Southern District of Texas.

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

Exhibit D

2

**APPEARANCES FOR:**

Plaintiff:                          PATRICIA COOK PROFIT, ESQ.
                                    Assistant United States Attorney
                                    1701 W. Business Hwy. 83
                                    Suite 600
                                    McAllen, Texas 78501

Ricardo Ortiz:                      JESUS VILLALOBOS, JR., ESQ.
                                    Attorney at Law
                                    8701 N. 23rd Street
                                    McAllen, Texas 78504

U.S. Probation:                     Hilda Cuellar-Pequeno
                                    1701 W. Business Hwy. 83
                                    Suite 729
                                    McAllen, Texas 78501

Exhibit D

5

1      **MR. VILLALOBOS:**  Yes, sir.  They filed theirs on

2   Thursday, Judge, and I filed mine yesterday afternoon.

3      **THE COURT:**  Yesterday.  So I read yours this morning,

4   but I wanted to refer back to the Government's.  They had set

5   out --

6      **MR. VILLALOBOS:**  Judge, if the Court needs more time,

7   Judge, I'll be happy to come back later on or tomorrow, if you

8   prefer.

9      **THE COURT:**  I'm ready.  I've read everything.

10   There's a dispute clearly about the extent of the involvement.

11   I mean even -- there's a lot of vague statements in your --

12      **MR. VILLALOBOS:**  Yes, sir.

13      **THE COURT:**  -- submission, like he did help with some

14   loading some other -- he was involved in loading on some

15   occasions and he was involved in surveillance on some other --

16   on some occasions, but you weren't specific with me as to like

17   which other occasions and so I don't know -- I assume they were

18   all during this time period that you allege, these four months?

19      **MR. VILLALOBOS:**  It's five months, Judge --

20      **THE COURT:**  Five months.

21      **MR. VILLALOBOS:**  -- that he was involved.  Yes, sir.

22   And one of the things that I would point out to the Court is

23   that they're talking now about how they believe he had a

24   greater role in the participation, but the Probation

25   Department, and I want to refresh the Court's memory,

**EXCEPTIONAL REPORTING SERVICES, INC**

*Exhibit D*

6

1    determined that they believe that there was any basis for any

2    type of increase in the participation.   It was actually in the

3    PSI.   They don't believe -- or they didn't find any evidence

4    that warranted any type of an enhancement.

5          **THE COURT:**   I mean I recall that, and the Government

6    objected to it and said (indiscernible) apparently wasn't aware

7    of all the materials the Government had.

8          **MR. VILLALOBOS:**   But the issue, Judge, essentially

9    came down to that they were saying that he wasn't truthful, but

10   we've never been able to figure out what they're saying he was

11   not truthful about and this Court kept asking them to give

12   specifics as to what he was not truthful about, but they've

13   never done that, and --

14         **THE COURT:**   They did that under seal.

15         **MR. VILLALOBOS:**   Well, Judge, essentially the issue

16   was that he had information on a gentleman, Jorge Martinez, who

17   went to trial, and he kept telling them over and over I have no

18   information, I know nothing about him.   I can assure you he

19   would have gladly provided information had he known anything

20   it.   It turns out that gentleman was acquitted, Judge, and you

21   can see why he knew nothing about it because apparently that

22   gentleman ultimately was acquitted.

23         **THE COURT:**   Yeah, he had -- well, he probably was

24   involved, but he had very little -- I mean he admitted he went

25   to Florida, but he was just a mechanic.

**EXCEPTIONAL REPORTING SERVICES, INC**

*Exhibit D*

7

1          **MR. VILLALOBOS:**  I certainly wasn't here in that

2    trial, Judge, but what I'm saying, that was the whole issue,

3    that they kept trying to get him -- because it was about two

4    weeks before the trial and they wanted him to testify and he

5    kept telling them I have nothing on him, I cannot provide any

6    information on this person.

7          **THE COURT:**  Right, and there's --

8          **MS. PROFIT:**  Your Honor, that's not simply true.

9          **THE COURT:**  Well, let me just say --

10         **MS. PROFIT:**  It's simply not true.

11         **THE COURT:**  Let me cut you off, because none of that

12   has to do with the Government's position as to why he wasn't

13   truthful, so it's just a rabbit trail we don't even need to go

14   down.  That isn't something the Government has said he lied

15   about.

16         What the Government has submitted to the Court has to

17   do with his own involvement, not that of others.  As to what it

18   goes back to, I mean the Government has information that he was

19   involved as far back as 2009.

20         **MR. VILLALOBOS:**  Very well, but --

21         **THE COURT:**  Okay, so some --

22         **MR. VILLALOBOS:**  -- I've never seen any type of

23   evidence of that (indiscernible).  All the actual evidence

24   received -- you can view the evidence, it will show is that

25   there was a five-month period of involvement.  In fact, on

**EXCEPTIONAL REPORTING SERVICES, INC**

*Exhibit D*

8

1  October 21st, when he was there when the load was seized, post

2  that time you will find no evidence whatsoever that he had any

3  involvement at all.  And prior to that, that's when he first

4  went out there in June and helped purchase the property.

5          But -- I mean they can come out here and make all

6  these allegations, but in the end you have to look at the

7  actual evidence.  I've reviewed the evidence.  I spent a good

8  hundred hours looking over it.  The Probation Department did

9  the same thing.  They never found any type of evidence of any

10  involvement other than those five months that we've been

11  addressing with this Court.

12          **THE COURT:**  The Government provided the Court with a

13  2009 incident.  I assume I can disclose what the evidence is.

14          **MS. PROFIT:**  That was in a wire --

15          **THE COURT:**  Wire intercept.

16          **MS. PROFIT:**  -- that was in a wire that he would have

17  access to.  And then we have another cooperator that places him

18  in the conspiracy for years.  We have the evidence that in

19  terms of the tractor-trailers, they were purchased in March,

20  which puts him in a longer period of time.

21          **MR. VILLALOBOS:**  Well, Judge, I mean apparently the

22  Probation Department, like myself, never saw and they never

23  found any of that evidence, and to come in up here and just

24  tell me that so-and-so somewhere, we don't know who he is or

25  where he's at, said that --

Exhibit D

9

1        **THE COURT:**  Well, the quoted -- I mean they gave me

2   wire intercepts to look at from 2009 and --

3        **MR. VILLALOBOS:**  I'm assuming if that's the case we

4   can all listen to them, Judge.  We can all listen to them --

5        **THE COURT:**  And then --

6        **MR. VILLALOBOS:**  -- and see if that's actually the

7   case.

8        **THE COURT:**  And then also you alleged he became

9   involved in June with the money, but we have these vehicles

10  that he admits he was involved in purchasing that the purchase

11  occurred in early March of 2011.  So that's, I guess, three

12  months prior to what you submitted to the Court.

13        And then almost -- well, a year and a half, it was

14  late 2009 when the Government alleges -- or provided wire

15  intercepts about his involvement.

16        **MR. VILLALOBOS:**  Last time we were here, Judge, they

17  never mentioned that and I never did -- I never found that, I

18  never heard that.  Maybe we can reset this so I can listen to

19  that to see if that in fact is the case, because they come in

20  here -- I'm not real comfortable with them just coming in here

21  and telling me that they heard that, but I mean no -- are they

22  actually providing us.

23        **THE COURT:**  I have quotes.  I mean I have, you know,

24  basically the text provided here of what was recorded.  I mean

25  I have no reason to believe they didn't accurately provide the

Exhibit D

10

1  quotes to me.

2          **MR. VILLALOBOS:**  Well, Judge, but I haven't been

3  provided the quotes.  I never read the quotes for us to

4  honestly --

5          **MS. PROFIT:**  Your Honor, he was supposed to provide

6  the Court with a complete statement of his involvement.  If he

7  still is saying he didn't become involved until June, it's not

8  complete.  It's not honest, because clearly the trucks were

9  purchased in March.  He's attempted to minimize his

10 involvement.  He lied to us when we spoke to him.  He refused

11 to come back in and talk to us.  And now he wants to have

12 safety valve and he's simply not eligible because of his role

13 in the offense.

14         **MR. VILLALOBOS:**  The Probation Department, Judge,

15 disagrees with her.  I mean obviously I can understand why.

16         **THE COURT:**  I don't always agree with the Probation

17 Office.

18         **MR. VILLALOBOS:**  And I understand (indiscernible)

19         **THE COURT:**  I would say I more frequently disagree

20 than I agree, although that's just sort of the nature of the

21 way it is.

22         **MR. VILLALOBOS:**  That being the case, there's a

23 couple of other points that we disagree with the Probation

24 Department that I'd still like to address before we're done.

25         **THE COURT:**  I mean that's why I grant objections.

**EXCEPTIONAL REPORTING SERVICES, INC**

Exhibit D

United States District Court
Southern District of Texas
FILED

MAR 2 7 2012

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § |
| | § |
| DANIEL NUNEZ | § |
| also known as Lacra | § |
| also known as Comandante | § |
| also known as Padron | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| RAFAEL FIGUEROA-VARGAS | § |
| also known as Rafa | § |
| JESUS ANTONIO GONZALEZ | § |
| JORGE LUGO MARTINEZ | § |
| ALBERTO GOMEZ | § |
| also known as Pajaro | § |
| also known as Bird | § |
| ALEJANDRO AMAYA | § |
| also known as Cabezon | § |
| JAMES PAUL WALKER | § |
| | § |
| TERRY GRIFFIN | § |
| RICARDO ORTIZ | § |
| also known as Bastardo | § |
| SERAPIO CASTRO | § |
| also known as Chopper | § |
| | § |
| | § |
| | § |
| JOSE JESUS JIMENEZ, JR. | § |
| | § |
| | § |

CRIMINAL NO.   M-12-0191-S1



## SEALED SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### Count One

Exhibit E

From on or about May 17, 2011 to on or about February 6, 2012 in the Southern District

of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**


**RAFAEL FIGUEROA-VARGAS**
**also known as Rafa**
**JESUS ANTONIO GONZALEZ**
**JORGE LUGO MARTINEZ**
**ALBERTO GOMEZ**
**also known as Pajaro**
**also known as Bird**
**ALEJANDRO AMAYA**
**also known as Cabezon**
**JAMES PAUL WALKER**

**TERRY GRIFFIN**
**RICARDO ORTIZ**
**also known as Bastardo**
**SERAPIO CASTRO**
**also known as Chopper**


**JOSE JESUS JIMENEZ, JR.**
**and**


did knowingly and intentionally conspire and agree together and with other person or persons known

and unknown to the Grand Jurors to knowingly and intentionally possess with intent to distribute a

controlled substance.  The controlled substance involved was more than 1,000 kilograms of a

mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### Count Two

On or about May 17, 2011 in the Southern District of Texas and elsewhere within the

jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**


**RAFAEL FIGUEROA-VARGAS**
**also known as Rafa**
**and**

did knowingly and intentionally possess with intent to distribute a controlled substance.  The

controlled substance involved was more than 100 kilograms, that is, approximately 497.5 kilograms

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled

substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title

18, United States Code, Section 2.

### Count Three

On or about October 22, 2011, in the Southern District of Texas, and within the

jurisdiction of the court, defendants

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**
**TERRY GRIFFIN**
**RICARDO ORTIZ**
**also known as Bastardo**
**and**
**SERAPIO CASTRO**
**also known as Chopper**

did knowingly and intentionally possess with intent to distribute a controlled substance.  The controlled substance involved was more than 1000 kilograms, that is, approximately 1,181 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## Count Four

From on or about February 4, 2012 to on or about February 6, 2012, in the Southern District of Texas, and within the jurisdiction of the court, defendants,

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**
**JESUS ANTONIO GONZALEZ**
**JORGE LUGO MARTINEZ**
**ALBERTO GOMEZ**
**also known as Pajaro**
**also known as Bird**
**ALEJANDRO AMAYA**
**also known as Cabezon**
**JAMES PAUL WALKER**

**and**

did knowingly and intentionally possess with intent to distribute a controlled substance.  The controlled substance involved was more than 1000 kilograms, that is, approximately 1,043 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Five

On or about February 5, 2012, in the Southern District of Texas, and within the jurisdiction of the court, defendants,

**DANIEL NUNEZ**
**also known Lacra**
**also known as Comandante**
**also known as Padron**
**JESUS JOSE JIMENEZ, JR.**
**and**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1000 kilograms, that is, approximately 1,263 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY